```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PATRICK-MYREE; BEY,

                        Plaintiff,
                                                              ORDER
           - against -                                  24-CV-3787 (PKC) (LGD)

MECURY INSURANCE,

                        Defendant.
-------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Patrick-Myree Bey ("Plaintiff") brings this action *pro se*, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Dkts. 1–2.) For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied. In order to proceed with this action, Plaintiff is granted until July 8, 2024, to either file a Long Form IFP application or to pay the $405.00 filing fee.

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosps. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must also include "a statement of all assets" the person possesses. *Id.* Section 1915 of the IFP statute authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." *Id.* § 1915(e)(2)(A). Courts in this district often dismiss an action under this provision when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Miller v.*

*Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2–3 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). "If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

      The financial declaration form that Plaintiff has submitted does not satisfy the Court that Plaintiff is unable to pay the Court's filing fee to commence this action. (*See generally* Dkt. 2.) Plaintiff merely writes "0.00" in the sections concerning whether he earns income from employment, stating that he does not receive any other income from other sources and has "0.00" in a checking or savings account. (*Id.* ¶¶ 2–4.) Plaintiff writes "N/A" in the sections that ask whether he has regular monthly expenses, financial obligations, debts, financial dependents, or any assets. (*Id.* ¶¶ 4–8.) Plaintiff's incomplete responses do not give the Court an accurate picture of Plaintiff's financial situation. Thus, the Court is unable to determine if Plaintiff can afford to pay the $405.00 filing fee.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. To proceed with this action, Plaintiff is granted until July 8, 2024, to either file a Long Form IFP application or to pay the $405.00 filing fee.

The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 7, 2024
Brooklyn, New York